IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALEX JEROME THOMAS, JR.                                                                    PLAINTIFF

v.                                              Civil No.: 6:19-CV-06108

WENDY KELLEY (Arkansas Department of                                                      DEFENDANTS
Correction), HEALTH SERVICES ADM.
JASON M. KELLEY, JAN DOE/NURSE
AMANDA, MR. HARDER (Security Officer,
ORCU), MR. EARL (Warden ORCU), MR.
JACKSON (Assistant Warden, ORCU),
DIRECTOR OF NURSING CRYSTAL
MCCOY, and NURSE CASSANDRA
BRANSON

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 30).

**I. BACKGROUND**

Plaintiff filed his Complaint on September 5, 2019. (ECF No. 1). Plaintiff alleges the denial of pain medication, due in part to a non-functioning emergency call button, while incarcerated in the Arkansas Department of Correction ("ADC") SNU Hospital in the Ouachita River Unit. (*Id*. at 5-13). A motion to dismiss and two motions for summary judgment based on exhaustion are currently pending in this case. (ECF Nos. 18, 23, 48).

Plaintiff filed his Motion for Injunction on February 14, 2020. (ECF No. 30). He asks that the Court order his transfer to another facility for the duration of this case. He states that Warden

1

Earl is a Defendant in this case and is responsible for investigating and responding to grievance and disciplinary appeals, which puts Plaintiff at "serious disadvantage as to receiving fair and unbiased treatment." (*Id*. at 1). As evidence, Plaintiff states that all ADC grievances he has submitted since filing this lawsuit have been found without merit. He further states that he filed a disciplinary appeal that is to be reviewed by Defendant Earl, and this "can not be right." (*Id*.)

Defendants Wendy Kelley, Earl, Jackson, and Harder filed their Response to this Motion on February 28, 2020. (ECF No. 35).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of preliminary injunctions. In deciding a motion for a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and, (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in

dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. ANALYSIS

Defendants Wendy Kelley, Earl, Jackson, and Harder ("ADC Defendants") argue Plaintiff is not entitled to a preliminary injunction because he has not alleged any facts which meet the *Dataphase* factors. (ECF No. 35 at 3). Specifically, Plaintiff's allegations state only speculative harm, and speculative harm cannot support a preliminary injunction. Further, to the extent Plaintiff is attempting to bring a new claim against Earl, unrelated to that of his Complaint for denial of pain medication and non-functioning emergency call buttons in the ADC hospital rooms, his request should be denied.

"Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Merely possible or speculative harm is not sufficient. *Chlorine Institute, Inc., v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015). Plaintiff has alleged only speculative harm based on the fear that Defendant Earl may be more inclined to rule against him on grievance and disciplinary action appeals in the future due to this lawsuit "Speculative harm does not support a preliminary injunction." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012) (future harm to a career was speculative and could not support a preliminary injunction.). Further, the "failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief." *Id*. at 778 (quoting *Caballo Coal Co. v. Ind. Mich. Power Co.,* 305 F.3d 796, 800 (8th Cir.2002)). Plaintiff has, therefore, failed to allege any facts which meet the *Dataphase* factors.

Further, the Court cannot grant the specific item of injunctive relief requested by Plaintiff. Plaintiff requests a transfer to another ADC Unit. Except in rare circumstances, the Court does

not have the authority to direct the ADC as to the specific housing of any inmate. Prison inmates have no constitutional right to be housed in certain barracks or housing units, or with certain inmates. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1991). It is not the role of this Court to second-guess the judgment of prison administrators on issues of prison management unless a facially valid constitutional claim is raised. *Iron Eyes v. Henry*, 907 F.2d 810, 812 (8th Cir. 1990) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The administration of prisons is not within the province of the courts except in the very rare case where there is undisputed evidence demonstrating that an inmate is subject to an "unusually high risk of physical danger." *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983). Here, Plaintiff has not alleged he is in any physical danger, and Plaintiff's request to be housed in a specific unit does not raise a claim of constitutional magnitude. If Plaintiff wishes to be transferred to another ADC Unit, he should continue to pursue administrative relief within the ADC.

### IV. CONCLUSION

Accordingly, I recommend that Motion for Preliminary Injunction. (ECF No. 30) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **30th day of July 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE